Filed 7/16/13  P. v. Angelos CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLY ANGELOS,<br><br>Defendant and Appellant. | B245599<br><br>(Los Angeles County<br>Super. Ct. No. YA084708) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant Kimberly Angelos.

No appearance for Plaintiff and Respondent.

_____

Defendant Kimberly Angelos appeals from the judgment entered after her no contest plea to one count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). A second possession count was dismissed. Defendant was placed on Proposition 36 probation for one year and was assessed various fines and fees.

This appeal is from the denial of defendant's motion to suppress evidence under Penal Code section 1538.5. Her appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On February 14, 2013, we directed appointed counsel to send the record and a copy of counsel's brief to defendant and notified defendant of her right to respond within 30 days. We received no response.

The evidence elicited at the preliminary hearing was that, on February 26, 2012, Gardena police pulled over a vehicle with expired registration. Defendant was a passenger in the car. The arresting officer testified that he explained the reason for the stop and asked both occupants of the car whether they were on probation or parole. Both said "no" but volunteered that they had been arrested on narcotics charges in the past. After the driver consented to a search of the car, both occupants were directed to step out. They were patted down and asked to sit at the curb. According to the driver, defendant did not sit down at the curb but stood on the sidewalk.

Defendant's purse remained on the front passenger seat of the car. When one of the officers asked if there was anything illegal inside, defendant responded that there was a pipe used to smoke methamphetamine. The officer recovered the pipe, and defendant was placed under arrest five minutes into the traffic stop. Afterward, when defendant was strip searched during the booking process, a plastic baggie containing heroin and methamphetamine fell out of her underwear.

Defendant was charged with two counts of possession of a controlled substance. (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a).) Her motion to suppress the evidence under the Fourth Amendment of the United States Constitution was denied at the preliminary hearing, as was her renewed motion to suppress. The court declined to find that defendant abandoned the purse she left behind when exiting the car. It found the traffic stop and driver's consent to search the car were valid, defendant had not been

detained when she answered the officer's question about the contents of the purse, and her answer gave police probable cause to search the purse.

We have reviewed the entire record under *People v. Kelly* (2006) 40 Cal.4th 106. No arguable issues for appeal exist.


**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.

We concur:



WILLHITE, J.



SUZUKAWA, J.